El Reno Vitrified Brick & Tile Co. et al. v. C. W. Raymond Co.

same. *Stover et al. v. Johnnycake,* 9 Kan. 368; *Morris v. German,* 14 Kan. 222; *Kyle v. Hamilton* (Cal.) 68 Pac. 484.

The language above quoted from the mortgage does not clearly import an agreement on the part of the mortgagor to pay an attorney's fee in case of legal proceedings to collect the debt; if it did, it would be a valid provision and properly enforceable; and, the amount of the fee not being provided in the contract, the court might find and allow a reasonable fee. The provision quoted was evidently intended by the parties to be a description of the note, and the clause therein relating to the attorney's fee is a misdescription and surplusage.

For these reasons we are inclined to the view that there is no provision in the contract authorizing the assessment and recovery of an attorney's fee, and that the part of the judgment and decree providing for an attorney's fee of $400 should be vacated, and that in all other things the judgment and decree should be affirmed.

By the Court: It is so ordered.

---

EL RENO VITRIFIED BRICK & TILE CO. *et al.* v. C. W. RAYMOND CO.

No. 4136. Opinion Filed January 26, 1915.

**APPEAL AND ERROR—Failure to File Brief—Dismissal.** No briefs having been filed on behalf of the plaintiff in error, nor cause shown for failure to file at the time the cause is assigned for submission, the appeal will be treated as abandoned and accordingly dismissed.

(Syllabus by Moore, C.)

*Error from District Court, Canadian County;*

*John J. Carney, Judge.*

Action by the C. W. Raymond Company, a corporation, against the El Reno Vitrified Brick & Tile Company, a corporation, and A. C. Kriepke.   Judgment for plaintiff, and defendants bring error.   Appeal dismissed.

*H. L. Fogg,* for plaintiffs in error.

*W. M. Wallace,* for defendant in error.

Opinion by MOORE, C.   The petition in error with case-made attached was filed in this court on June 27, 1912, complaining of a judgment of the district court of Canadian county, rendered on March 2, 1912, against the plaintiffs in error for $1,705 and costs of suit.

The cause was assigned for submission on January 18, 1915.

No briefs have been filed by either party as required by rule 7 (38 Okla. vi, 137 Pac. ix) of this court, nor cause shown for such failure.

Following the settled practice, the appeal will be deemed to have been abandoned by the plaintiff in error and should be accordingly dismissed.

By the Court: It is so ordered.